UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL NO. H-10- 279 |
| § | |
| § | PENALTY: ALL COUNTS |
| PETER CHUKWUEMEKA OKOSE (Cts 1-3) § | NMT 5 years Imprisonment |
| TROY ROMAIN SOLOMON (Ct 1) § | NMT $250,000 Fine |
| BEDE NDUKA (Ct 1) § | NLT 2 years Supervised Release |
| Defendants § | Class D Felony |

United States District Court
Southern District of Texas
FILED

MAY 0 4 2010

David J. Bradley, Clerk of Court

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

### *CONSPIRACY TO UNLAWFULLY DISTRIBUTE AND DISPENSE CONTROLLED SUBSTANCES*
### *(21 U.S.C. § 841(a)(1) & 846)*

#### A. Introduction

1. **PETER CHUKWUEMEKA OKOSE**, defendant herein, was a physician, licensed to practice medicine in the State of Texas under license number J2714, issued by the Texas Board of Medical Examiners. Dr Okose was engaged in the private practice of medicine with an office called the Universal Medical Clinic, located at 10200 East Freeway, Suite 100, Houston, Texas 77029. He later expanded his office and relocated the Universal Medical Clinic to 1006 Federal Road, Houston, Texas 77015.

2. **TROY ROMAIN SOLOMON**, defendant herein, was a pharmacy owner and the owner of Ascensia Nutritional Pharmacy located at 5444 S.Loop West, Suite 400, Houston, Texas 77054.

3. **BEDE NDUKA**, defendant herein, was a pharmacist licensed by the State Board of Pharmacy to practice pharmacy in the state of Texas under licence number 38301. Mr Nduka engaged in the practice of pharmacy and was employed by Ascensia Nutritional Pharmacy located at 5444 S. Loop West, Suite 400, Houston, Texas 77054.

*The Drug Enforcement Administration* (DEA) was an agency of the United States charged with the responsibility for regulation and enforcement of chemicals and drugs under Title 21, United States Code, including scheduling controlled substances and listing dangerous drugs. The DEA was also authorized to issue registration numbers to physicians and pharmacists to dispense certain controlled substances in the normal course of professional practice for a legitimate medical purpose.

*The Texas Board of Medical Examiners* was an agency of the State of Texas authorized to license physicians and set up standards of care for the practice of medicine.

*The Texas Department of Public Safety* (DPS) was an agency of the State of Texas authorized to issue controlled substance registration numbers to physicians, pharmacists, nurse practitioners, physicians assistants and veterinarians.

*DEA Registration*

Physicians and pharmacists who prescribed and dispensed controlled substances were required to register with DEA and DPS. They were issued DEA registration numbers and referred to as "registrants." Physicians and pharmacists were required to exercise professional responsibility in proscribing and dispensing controlled substances. The professional responsibility extended to both (1) the physician who ordered the prescription and (2) to the pharmacist who filled it. Physicians and Pharmacists could, when registered under Title 21,

United States Code, Section 823, prescribe, dispense or administer controlled substances within the course of professional practice.

### *The Course of Professional Medical Practice*

The course of professional medical practice for physicians and pharmacists was dependant upon a legitimate physician-patient relationship. The physician-patient relationship was established when (1) a patient would come to a physician for the purpose of obtaining treatment for an illness or condition; and (2) the physician performed some kind of examination and conducted some rudimentary questioning with respect to the patient's health, condition and medical history; and (3) there was a reasonable connection between the drug prescribed dispensed or administered and the patient's legitimate medical needs. To prescribe and dispense drugs where there was no legitimate physician relationship was outside the course of professional medical practice and not for a legitimate medical purpose.

### *Controlled Substances*

Hydrocodone, an opiate derivative, was a Schedule II controlled substance under Title 21, United States Code. Hydrocodone is the generic name for a prescription painkiller. Hydrocodone products, as listed in Title 21, of Federal Regulations, Section 1308.13(e)(1)(IV), drug code 9806, were Schedule III controlled substances. Accordingly, certain drugs, containing the ingredients hydrocodone and any other non-narcotic ingredient in a recognized therapeutic amount, such as acetaminophen or an antihistamine, were marketed under the trade names Vicodin, Vicodin ES, Lortab, Lorcet, Norco and Tussionex. These drugs were commonly prescribed as medication for pain or cough. They were also highly abused prescription drugs known on the street as "cets" and "blocks".

Soma was listed as a dangerous drug but was not scheduled as a controlled substance.

## II. The Conspiracy

From about January, 2004, and continuing through on or about May 3, 2006, in the Houston Division of the Southern District of Texas,

**PETER CHUKWUEMEKA OKOSE**
**TROY ROMAIN SOLOMON**
**and**
**BEDE NDUKA**

defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree, to commit the following offense against the United States; to unlawfully distribute and dispense, outside the course of professional practice and not for a legitimate medical purpose, various amounts of a mixture and substances known as hydrocodone and hydrocodone products, and various other drugs and substances, in violation of Title 21, United States Code, Section 841(a)(1), and 841((b)(1)(D).

### The Manner and Means of the Conspiracy

It was part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did use his license as a physician and his medical practice to prescribe various drugs, especially hydrocodone products, outside of the course of professional practice and not for a legitimate medical purpose.

It was further a part of the conspiracy that defendant BEDE NDUKA would and did use his license as a pharmacist and his pharmaceutical practice to fill prescriptions for various drugs, especially hydrocodone products, outside the course of professional medical practice and not for a legitimate medical purpose.

It was further a part of the conspiracy that defendant TROY SOLOMON would and did

use his pharmaceutical practice to fill prescriptions for various drugs, especially hydrocodone products, outside the course of professional medical practice and not for a legitimate medical purpose.

It was further part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did use his license and medical practice to combine, conspire, confederate and agree with pharmacists in the distribution and dispensing of narcotic and other non-narcotic controlled substances, especially hydrocodone products, outside the course of professional practice and not for a legitimate medical purpose.

It was further a part of the conspiracy that BEDE NDUKA would and did use his license and pharmaceutical practice as a guise and pretext for distributing narcotic and non-narcotic controlled substances, especially hydrocodone products, outside the course of professional practice and not for a legitimate medical purpose.

It was further part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did allow persons to visit his office under the guise and pretext of treating them as "patients," solely for the purpose of prescribing hydrocodone products, and other drugs. That is, these persons visited the office of PETER CHUKWUEMEKA OKOSE for the sole purpose of obtaining prescriptions for drugs, some of which were to be used and sold on the streets, which PETER CHUKWUEMEKA OKOSE well knew were outside the course of professional practice and not for a legitimate medical purpose.

It was further part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did require payments in cash from persons who visited his office under the guise and pretext as "patients" for the purpose of obtaining prescriptions for hydrocodone products.

It was further a part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did normally charge and collect approximately between $65 and $200 cash from persons who visited his office for the first time, and approximately $65 - $100 for each subsequent office visit, for persons who obtained prescriptions. These payments were required before PETER CHUKWUEMEKA OKOSE would prescribe hydrocodone products outside the course of professional practice, and not for a legitimate medical purpose.

It was further part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did maintain certain files for persons who visited his office for the sole purpose of obtaining prescriptions for hydrocodone products. These files were referred to as patient files.

It was further a part of the conspiracy that PETER CHUKWUEMEKA OKOSE would and did receive large sums of cash for the prescription of drugs, including hydrocodone products, outside the course of professional practice and not for a legitimate medical purpose.

### Object of the Conspiracy

It was the object of the conspiracy for PETER CHUKWUEMEKA OKOSE, a licensed physician, BEDE NDUKA, a licensed pharmacist and TROY ROMAIN SOLOMON, a pharmacy owner, to dispense and distribute hydrocodone products and other drugs, outside the course of professional medical practice and not for legitimate medical purposes, and to enrich themselves with cash received for these prescriptions and drugs.

## COUNT TWO

### *UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES*
### *(21 U.S.C. § 841(a)(1))*

On or about May 5, 2005, in the Houston Division of the Southern District of Texas, and elsewhere,

### PETER CHUKWUEMEKA OKOSE

defendant herein, and others known and unknown to the Grand Jury, including, each aiding and abetting the other, did knowingly and intentionally, unlawfully dispense and distribute, outside the course of professional practice and not for a legitimate medical purpose, hydrocodone, a Schedule III controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United State Code, Section 2.**

## COUNT THREE

### UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES

### (21 U.S.C. § 841(a)(1))

On or about October 7, 2005, in the Houston Division of the Southern District of Texas, and elsewhere,

### PETER CHUKWUEMEKA OKOSE

defendant herein, and others known and unknown to the Grand Jury, including, each aiding and abetting the other, did knowingly and intentionally, unlawfully dispense and distribute, outside the course of professional practice and not for a legitimate medical purpose, hydrocodone, a Schedule III controlled substance.

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and**

**Title 18, United State Code, Section 2.**

## NOTICE OF CRIMINAL FORFEITURE

Title 18, United States Code, Section 982

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of violations of Title 21, United States Code, Sections 841 and 846, notice is given that the defendants,

**PETER CHUKWUEMEKA OKOSE**
**TROY ROMAIN SOLOMON**
**and**
**BEDE NDUKA**

shall forfeit to the United States of America:

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2) any property used or intended to be used, in any manner or part, to commit, or facilitate the commission of such violation.

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(1) cannot be located upon exercise of due diligence;

(2) has been placed beyond the jurisdiction of the Court;

(3) has been transferred or sold to, or deposited with a third party;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:

By	ORIGINAL SIGNATURE ON FILE
Foreperson of the Grand Jury

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

By:	Stuart A. Burns
Assistant United States Attorney